UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

V.

BERNARD SHORTS
(Name of Defendant)

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or
After November 1, 1987)

CASE NO. 05-5182M-01

Betty Marak (FPD)
(Defendant's Attorney)

THE DEFENDANT:

[X] Pleaded guilty to count(s) ONE

[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.

[ ] Was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 13 LARS 14:98 | DRIVING WHILE INTOXICATED, 2ND OFFENSE | 07-21-05 | ONE |

Defendant did unlawfully operate a motor vehicle in violation of Louisiana law by driving while intoxicated, **with a blood alcohol concentration above 0.15g/%**, as prohibited by Section 98 of Title 14, LA Revised Statutes, all in violation of Section 13 of Title 18, United States Code. This is the defendant's second known offense for the above-charged crime.

The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____.

[ ] Count(s) __ (is) (are) dismissed on motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

XXX-XX-7540
**Defendant's Social Security No.**

XX-XX-1958
**Defendant's Date of Birth**

005334777 LA
**Defendant's Driver's License Number**

RUSTON, LA 71270
**Defendant's Residence Address:**

_____
**Defendant's Mailing Address**

September 16, 2005
**Date of Imposition of Judgment**

_/s/_
**Signature of Judicial Officer**

Mark Hornsby, U.S. Magistrate Judge
**Name and Title of Judicial Officer**

September 16, 2005
**Date**

DEFENDANT: BERNARD SHORTS  
CASE NO.: 05-5182M-01

JUDGMENT PAGE 2 OF 3

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

> SIX (6) MONTHS, EXECUTION SUSPENDED
>
> IN LIEU OF INCARCERATION, DEFENDANT IS PLACED ON SUPERVISED PROBATION FOR TWO YEARS.

[ ] The Court makes the following recommendations to the Bureau of Prisons:

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.

  [ ] at __ a.m./p.m. on __.

  [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

  [ ] before 2:00 p.m. on __.

  [ ] as notified by the United States Marshal.

  [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

_____ with a certified copy of this judgment.

United States Marshal

by _____
    Deputy Marshal

## PROBATION

The defendant is sentenced to probation for a term of:

### TWO YEARS SUPERVISED PROBATION

1. As a special condition of probation, defendant shall spend 96 hours in custody, as directed by the Probation Office;
2. Perform community service within the first twelve months of supervision, in a litter abatement program, as directed by the Probation Office for 30, 8-hour days.
3. Enter and complete a drug abuse treatment program at the substance abuse clinic for so long as directed by the clinic and the Probation Office, to include urine surveillance, if indicated, and complete abstinence from alcohol.
4. Enter and complete an alcohol education and driver improvement program.
5. Pay a fine of $850 and special assessment of $10.
6. Pay the fine and assessment by December 13, 2005, or appear in court on December 16, 2005 at 2:00 p.m. to show cause why defendant failed to pay.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.

**For offenses committed on or after September 13, 1994:** The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

[ ] Defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth below) and shall also comply with the additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

(1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation office and follow the instructions of the probation officer;
(4) The defendant shall support his or her dependents and meet other family responsibilities;
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer with seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification required.